USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 04/10/2026

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
UNITED STATES OF AMERICA,

        -against-                                     09-cr-723-006 (LAK)

JOSE MOSQUERA-PRADO,

                     Defendant.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

## MEMORANDUM AND ORDER DENYING
## MOTION FOR SENTENCE REDUCTION

LEWIS A. KAPLAN, *District Judge.*

        Jose Mosquera-Prado was convicted after a jury trial of (1) conspiracy to distribute and possess with intent to distribute 5 kilograms or more of cocaine and 1 kilogram or more of heroin, in violation of 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(A), and (2) conspiracy to import into the United States 5 kilograms or more of cocaine and 1 kilogram or more of heroin, in violation of 21 U.S.C. §§ 963, 960(a)(1), and 960(b)(1)(A).[1]

        As the government put it in prior papers:

"Between 2007 and 2009, Mosquera-Prado was one of the leaders of a Colombia-based drug trafficking organization (the 'Organization') that shipped wholesale quantities of cocaine and heroin throughout the world, including to the United States. . . . Mosquera-Prado oversaw the Organization's shipment of drugs by airplane; sent his subordinates to scout out locations where his narcotics-filled airplanes would be able to land safely; and identified buyers within the United States for the Organization's drugs."[2]

---

[1]    Dkt 6 at 1-6; Dkt 128 at 1; Dkt 151-1 at 839-40.

[2]    Dkt 150 at 2.

2

In 2013, defendant was sentenced to below Guidelines concurrent terms of 280 months of imprisonment.[3]

Defendant, appearing *pro se*, now moves for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), which requires him to demonstrate, among other things, that "extraordinary and compelling reasons warrant such a reduction."[4] He argues that extraordinary and compelling reasons exist under Amendment 814 to the Sentencing Guidelines, which provides in relevant part:

> "If a defendant received an unusually long sentence and has served at least 10 years of the term of imprisonment, a change in the law (other than an amendment to the Guidelines Manual that has not been made retroactive) may be considered in determining whether the defendant presents an extraordinary and compelling reason, but only where such change would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed, and after full consideration of the defendant's individualized circumstances."[5]

Defendant notes that the First Step Act of 2018 prospectively reduced, by five years, the mandatory minimum penalties applicable to certain recidivist drug offenders.[6] He seeks a five-year sentence reduction on that basis, contending that this change in law causes him to come within the terms of Amendment 814 as quoted above.[7]

---

[3] Dkt 128 at 2; Dkt 182 at 2.

[4] 18 U.S.C. § 3582(c)(1)(A)(i).

[5] U.S.S.G. § 1B1.13(b)(6).

[6] Dkt 234 at 19-20; *see* First Step Act of 2018, Pub. L. No. 115-391, § 401, 132 Stat. 5194, 5220-21 (2018).

[7] Dkt 234 at 19-20.

3

The First Step Act provisions on which defendant relies, however, relate only to defendants convicted of certain drug offenses after previously having been convicted of certain other felony offenses.  Defendant had no noted criminal history at the time of his conviction,[8] so these changes would not affect the statutory minimum and maximum sentences applicable to him.  His statutory exposure would be the same today as it was at the time of his sentencing in 2013.[9] Defendant's change in law argument therefore is without merit.

Even so, the Court need not determine whether extraordinary and compelling reasons are present here.[10]  The Court may not grant a sentence reduction unless it finds that the sentencing factors outlined in 18 U.S.C. § 3553(a) weigh in favor of a reduction.[11]  Given defendant's leading role in a very serious international drug trafficking operation, the fact that he already received a sentence substantially below the applicable Guidelines range,[12] and the need for deterrence, a sentence reduction is not warranted.

---

[8] Dkt 225 at 12.

[9] *See* 21 U.S.C. §§ 841(b)(1)(A) (requiring today a sentence of 10 years to life for defendant's conduct as to Count One), 960(b)(1)(A) (same as to Count Two); Dkt 225 at 14 (original PSR from 2013 listing defendant's statutory sentencing range as 10 years to life on each count).

[10] *United States v. Keitt*, 21 F.4th 67, 69 (2d Cir. 2021) (per curiam) (district court may deny a defendant's motion under § 3582(c)(1)(A) in sole reliance on the applicable § 3553(a) sentencing factors).

[11] 18 U.S.C. § 3582(c)(1)(A).

[12] *See* Dkt 182 at 2.

4

For the foregoing reasons, defendant's motion for a reduced sentence (Dkts 234, 235) is denied.  The Clerk shall mail a copy of this order to defendant.

SO ORDERED.

Dated:        April 10, 2026

Lewis A. Kaplan
United States District Judge